# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7153 | **DATE** | 11/18/2010 |
| **CASE TITLE** | Curry vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Plaintiff's application for leave to proceed *in forma pauperis* [4] is denied without prejudice. Plaintiff's motion for appointment of counsel [5] is held in abeyance pending the resubmission of a complete application and financial affidavit.

■[ For further details see text below.]  Docketing to mail notices. Notices mailed by Judicial staff.

# STATEMENT

Plaintiff Verna Curry has submitted a complaint [1], an application for leave to proceed *in forma pauperis* and financial affidavit [4], and a motion for appointment of counsel [5]. The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such costs or give security therefore," so long as the action is neither frivolous nor malicious. 28 U.S.C. § 1915(a)(1), (e)(2)(B)(ii). The Court relies on the financial affidavit to assess a party's claim to indigency. In order to file and proceed on a lawsuit *in forma pauperis* – that is, without paying the filing fee – "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989).

In her application for leave to proceed *in forma pauperis*, Plaintiff states that she is neither incarcerated nor employed, nor is she married. She also states that she receives $3,700 per month in disability income. Apart from that limited information, Plaintiff's application and financial affidavit are blank. The instructions at the top of the first page of the form state as follows: "Please answer every question. Do not leave any blanks. If the answer is 'none' or 'not applicable (N/A),' write that response." In this case, the omitted information may be material, because the amount of disability income that Plaintiff reports may place her beyond the outer bounds of any plausible concept of indigency. In order to measure poverty level, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at http://aspe.hhs.gov/poverty/10poverty.shtml). The HHS poverty guidelines for the remainder of 2010 for the 48 contiguous states and the District of Columbia set the poverty level for a family of one at an annual income level of $10,830. There may be additional complicating factors that would support the granting of the application – or the payment of a partial filing fee – notwithstanding that level of disability income. But any such factors have not been demonstrated in the current application.

| **STATEMENT** |
|---|
| For these reasons, the Court denies without prejudice Plaintiff's application for leave to proceed *in forma pauperis* [4] and gives Plaintiff 30 days from the date of this order either to submit a new and complete application and financial affidavit or to pay the $350 filing fee. If Plaintiff does not comply with this order within that time frame, her case may be dismissed without prejudice. |