**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VERNA CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 10-cv-7153 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant City of Chicago's motion for judgment on the pleadings and to stay discovery [58]. For the reasons stated below, the motion is denied.

**I.     Background**

In ruling on a motion for judgment on the pleadings, the Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000). Accordingly, the facts below are drawn largely from Plaintiff's amended complaint.

Plaintiff Verna Curry graduated from college with a B.S. degree in accounting in 1981 and was hired by Defendant City of Chicago in 1985 to work as an audit supervisor in the Tax Division of the City's Department of Revenue. [29] ¶¶ 1, 3. Plaintiff was one of eight supervisors and approximately seventy-five Tax Division employees on staff in 2008. *Id.* ¶ 2. Plaintiff received satisfactory performance evaluations each year. *Id.* ¶ 4.

In 2001, Plaintiff was diagnosed with spino cerebellar ataxia, an incurable progressive neurological disease. *Id.* ¶ 5. As a result of this condition, Plaintiff lacked proper coordination,

used a cane or walker, slurred her speech, and had instances of choking. *Id.* ¶ 6. Plaintiff informed Defendant of her condition in 2004. *Id.* ¶ 7. In late 2007, Plaintiff took a medical leave of absence for three months, during which time she undertook extensive physical therapy to slow her progressive decline. *Id.* ¶ 8. Upon her return to work in early 2008, Plaintiff slurred her speech and was unable to walk without the aid of a walker. *Id.* ¶ 9. Nevertheless, she alleges that she was at all relevant times fully able to perform the essential functions of her job, *id.* ¶ 10, and that she remains at the present time fully able to perform the essential functions of her job. *Id.* ¶ 11b.[1] She alleges that Defendant "at no time asserted or informed plaintiff that she was unable to perform the essential functions of her job." *Id.* ¶ 12b.

On or about December 2, 2008, Defendant gave Plaintiff a letter signed by its Director of Revenue. *Id.* ¶ 13. The letter stated that Plaintiff "will be laid off from [her] position as Supervisor of Accounting with the City of Chicago Department of Revenue." *Id.* Defendant in its answer provides a fuller excerpt of the letter: "As you are aware, the Department of Revenue is conducting a Reduction-in-Force. This is to inform you that effective close of business, December 31, 2008, you will be laid off from your position as Supervisor of Auditing with the City of Chicago Department of Revenue. The accompanying fact sheet explains the benefits to which you may be entitled. Please sign the accompanying acknowledgement receipt notification." [33] ¶ 13.

In conjunction with the December 2, 2008 layoff notice, Plaintiff also received a document entitled "Notice to Employees Leaving City Employment," which explained the benefits to which she would be entitled as a laid-off employee. [29] ¶ 14. Plaintiff asserts that she was the only employee in the Tax Division of the Department of Revenue to be laid off at this

---

[1] Plaintiff's complaint contains two paragraphs numbered 11 and two paragraphs numbered 12. For purposes of this opinion, the Court refers to the first paragraphs numbered 11 and 12 as "11a" and "12a," respectively, and the second paragraphs numbered 11 and 12 as "11b" and "12b," respectively.

time, although she possessed greater seniority than several supervisors who were not laid off at this time. *Id.* ¶ 16. Defendant concedes that Plaintiff was the only employee of the Tax Division to be laid off on December 2, 2008, see [33] ¶ 16, but asserts that "in addition to plaintiff, an Assistant Deputy Director, a Claims Manager, a Supervisor of Payment Center, and three Payment Services Representatives were also laid off due to the Reduction-in-Force." *Id.* Plaintiff alleges that since December 2, 2008, there have been openings in the Tax Division for which she is qualified. [29] ¶ 17. Plaintiff alleges that Defendant has filled those positions, *id.*, but has never rescinded its decision to lay off Plaintiff. *Id.* ¶ 15. Defendant disputes that Plaintiff was ever laid off or terminated, in light of developments that occurred after she received the layoff notice. See [33] ¶ 15. Namely, "[i]n order to mitigate her damages as a result of a lay off and believing that she was unable to reverse the defendant's decision to terminate her, plaintiff applied for and obtained short term disability benefits in which she receives 50% of her salary." [29] ¶ 18. Plaintiff alleges that the disability benefits do not provide the health insurance that she received while she was employed, such that she "is required to pay $525 per month for health insurance." *Id.* ¶ 19.

Plaintiff alleges that "[t]he decision to terminate plaintiff from employment was motivated in whole or in part by her disability," *id.* ¶ 20, and was therefore in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, *id.* ¶ 21, and the Rehabilitation Act of 1973, 29 U.S.C. § 794, *id.* ¶ 23. She seeks reinstatement, back pay, compensatory and punitive damages, and attorneys' fees, costs, and expenses. *Id.* at 4.

Defendant, which answered Plaintiff's complaint and asserted five affirmative defenses that are not relevant here, see [33] at 7, moved for judgment on the pleadings. [58]. The only

argument that remains of that motion[2] is that Plaintiff has not suffered an adverse employment action and therefore cannot state a claim.

## II.     Legal Standard

A Rule 12(c) motion for judgment on the pleadings permits a party to move for judgment after both the plaintiff's complaint and the defendant's answer have been filed. Fed. R. Civ. P. 12(c); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). In ruling on a motion for judgment on the pleadings, the Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000). But the Court "need not ignore facts set forth in the complaint that undermine the plaintiff's claim or give weight to unsupported conclusions of law." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

A court decides a motion for judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *N. Ind. Gun & Outdoor Shows, Inc*., 163 F.3d at 452. The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *Id.* at 452–53; see also *Arethas v. S/TEC Grp., Inc.*, 2005 WL 991782, at *6 (N.D. Ill. 2005) ("[A]lthough in ruling on a motion for

---

[2] Defendant's opening brief in support of judgment on the pleadings predominantly focused on Plaintiff's failure to disclose the claims that she is asserting in the instant suit in her bankruptcy proceedings. Defendant contended that Plaintiff lacked standing to bring the suit (because her claims belonged to the bankruptcy estate) and that even if she had standing she should be judicially estopped from recovering damages due to her failure to disclose the claims. See [59] at 5-9. Defendant argued in the alternative that "Plaintiff is Not Entitled To Reinstatement Because She is A Current City Employee On A Medical Leave of Absence." *Id.* at 9. After Defendant filed its brief, the Court afforded the Bankruptcy Trustee an opportunity to present his position. [64], [65]. The Court subsequently held a status hearing [69], at which the parties represented that the "one viable argument for the judgment on the pleadings * * * [is] that the plaintiff did not suffer an adverse employment action." The parties now agree that because of subsequent action in the bankruptcy court, the standing and estoppel claims are now moot. The Court invited Plaintiff to "only brief the part that the city is standing on," which Plaintiff did, jointly with the Bankruptcy Trustee [70]. Defendant filed a reply. [71].

judgment on the pleadings a court can consider affidavits attached to a complaint or an answer to the complaint, a court cannot consider affidavits that are not a part of the pleadings."). Additionally, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Courts also may take judicial notice of appropriate materials, such as "documents that are critical to the complaint and referred to in it," *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to the matters at issue," *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983), and certain matters of public record. See, *e.g.*, *Pickett v. Sheridan Health Ctr.*, 664 F.3d 632, 638 (7th Cir. 2011). If a court considers any materials outside this narrow universe, the court must convert the motion for judgment on the pleadings into a motion for summary judgment and allow all parties a reasonable opportunity to present all the materials pertinent to such a motion. Fed. R. Civ. P. 12(d); see also *Rutherford v. Judge & Dolph Ltd.*, --- F.3d ---, 2013 WL 411358, at *2 (7th Cir. Feb. 4, 2013). The Court has not considered Defendant's proffered City of Chicago Personnel Rules,[3] which, despite their potential relevance to the case,[4] are neither "critical to the complaint" nor "referred to in it" – Plaintiff's vague reference to "short term disability benefits" does not necessarily implicate the City's personnel rules, which are not otherwise mentioned in the concise complaint. Moreover, notwithstanding their availability on the Internet, the personnel rules are not the sort of "public record" of which courts typically take judicial notice. They are not "generally known within the territorial jurisdiction or capable of accurate and ready

---

[3] The Court has also ignored the other attachments accompanying Defendants' memorandum in support of its motion, as all of them pertain to the now-moot bankruptcy-related arguments.

[4] The Court notes that the Personnel Rules proffered by Defendant were "Revised November 18, 2010," [59] Ex G, and that the pertinent events in this case occurred in 2008.

5

determination through sources whose accuracy cannot reasonably be questioned." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting Fed. R. Evid. 201(b)).

As a general rule,"[a] complaint that invokes a recognized legal theory * * * and contains plausible allegations on the material issues * * * cannot be dismissed under Rule 12." *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)). But "a complaint that alleges an impenetrable defense to what would otherwise be a good claim should be dismissed (on proper motion) under Rule 12(c)." *Id.* at 637. In other words, dismissal under Rule 12(c) is proper when a plaintiff's allegations "show that there is an airtight defense [such that he] has pleaded himself out of court," *id.*, or, more generally, "if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)); see also *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011) ("When the complaint itself contains everything needed to show that the defendant must prevail on an affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c)."). Dismissal also is proper under Rule 12(c) when a movant has demonstrated that the complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(h)(2)(B); *Alioto v. Town of Lisbon*, 651 F.3d 715, 718 (7th Cir. 2012). To make that assessment, the Court uses the more familiar Rule 12(b)(6) standard. See *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 757 n.1 (7th Cir. 2006). Thus, for a complaint to survive, its factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc*., 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at

555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Where the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id.* For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Although "[s]pecific facts are not necessary [–] the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original) – "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks*, 578 F.3d at 581 (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

## III. Analysis

The Americans with Disabilities Act prohibits employers from taking adverse employment actions against their employees because of a disability. *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 606 (7th Cir. 2012); see 42 U.S.C. § 12112(a). To establish a violation of the Act an employee must show "1) that she is disabled; 2) that she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) that the employer took an adverse job action against her because of her disability or failed to make a

7

reasonable accommodation." *Winsley v. Cook Cnty.*, 563 F.3d 598, 603 (7th Cir. 2009) (quoting *Stevens v. Ill. Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000)). Essentially the same elements must be proven to establish a violation of the Rehabilitation Act, which additionally requires plaintiffs to prove that they were "involved in programs receiving federal financial assistance." *Silk v. City of Chi.*, 194 F.3d 788, 798 nn. 6 & 7 (7th Cir. 1999).

Defendant's argument focuses primarily on the third of these elements. Defendant contends that Plaintiff has not suffered an adverse employment action because her employment was never terminated. Instead, Defendant contends, Plaintiff's complaint demonstrates that she voluntarily took a medical leave of absence and remained on the payroll (at 50% pay).[5] Plaintiff does not dispute that she went on leave before the layoff was effectuated; she maintains that "as a result of the adverse layoff decision, she took short term disability leave, received half her salary and lost her medical insurance." [70] at 3. In Plaintiff's view, "[t]here is no doubt that plaintiff's present status in which she receives half her salary, [and] is denied medical insurance is the result of an adverse action." *Id.*

"Adverse employment actions for purposes of the federal antidiscrimination statutes generally fall into three categories: (1) termination or reduction in compensation, fringe benefits, or other financial terms of employment; (2) transfers or changes in job duties that cause an employee's skills to atrophy and reduce future career prospects; and (3) unbearable changes in job conditions, such as a hostile work environment or conditions amounting to constructive discharge." *Barton v. Zimmer, Inc.*, 662 F.3d 448, 453-54 (7th Cir. 2011). Plaintiff argues that the allegations of her complaint describe an action that falls within the first or third categories.

---

[5] The parties note in their briefs that Plaintiff remained on paid medical leave for 43 months, until she retired in July 2012.

8

A layoff is generally accepted to be an adverse employment action, see, *e.g.*, *Tyler v. Trustees of Purdue Univ.*, 834 F. Supp. 2d 830, 840 (N.D. Ind. 2011), and here, the parties agree that Plaintiff was notified of an impending layoff on December 2, 2008. Plaintiff alleges that she alone in the Tax Division was selected for layoff, notwithstanding her satisfactory performance and relative seniority, because of her disability. Whether the evidence at summary judgment or trial will ultimately support that allegation remains to be seen, but nothing in Plaintiff's complaint forecloses the possibility that she may prevail on such a theory. Defendant emphasizes that the reductions in compensation and benefits that followed the layoff notice were a direct result of Plaintiff's own voluntary decision to take medical leave. While that may prove to be true, it does not at this stage negate Plaintiff's allegations that she was selected for layoff on an impermissible basis.

By contrast, Plaintiff's constructive discharge theory is foreclosed by the allegations in her complaint. A constructive discharge occurs when working conditions become so unbearable that an employee is forced to resign. *Smith v. Bray*, 681 F.3d 888, 908 (7th Cir. 2012); see also *Jordan v. City of Gary*, 396 F.3d 825, 837 (7th Cir. 2005) ("We can make it no plainer than to reiterate that constructive discharge 'refers to a situation in which an employee is not fired but quits.'" (quoting *McPherson v. City of Waukegan*, 379 F.3d 430, 440 (7th Cir. 2004))). An employer's conduct may amount to constructive discharge when it "acts in a manner so as to have communicated to a reasonable employee that she will be terminated, and the plaintiff employee resigns." *E.E.O.C. v. Univ. of Chi. Hosps.*, 276 F.3d 326, 332 (7th Cir. 2002). Here, however, Plaintiff alleges not that she resigned or quit after receiving her layoff notice but rather "applied for and obtained short term disability benefits in which she receives 50% of her salary." [29] ¶ 18. The Seventh Circuit has explained that placement on medical leave "is an action

consistent only with continued employment." *Dvorak v. Mostardi Platt Assocs., Inc.*, 289 F.3d. 479, 486 (7th Cir. 2002). Indeed, the parties' briefs reveal that Plaintiff remained in Defendant's employ until she retired in July 2012, and, in any event, Plaintiff did not make any allegations about the state of her working conditions or what, if anything, aside from a desire to "mitigate her damages" prompted her to seek disability leave.

Defendant also contends that Plaintiff cannot state a plausible claim for relief because she simultaneously alleges on the one hand that she was able to perform all of her essential job duties and on the other that she took disability leave, which Defendant suggests necessarily implies her *in*ability to perform her job duties. Defendant argues that "Plaintiff cannot have it both ways: either she took a voluntary leave of absence because she was incapable of working, or she took leave fraudulently in order to avoid a possible layoff. * * * The former explanation reveals that she is not a qualified individual with a disability under the ADA, and the latter would provide a legitimate, nondiscriminatory basis for her discharge, if she had been discharged." [71] at 5. Defendant has not cited any legal authority in support of this argument, see [59] & [71], nor has it asserted an affirmative defense of unclean hands or a counterclaim of fraud, see [33]. Moreover, Plaintiff's alleged abuse of Defendant's disability leave policies subsequent to the announcement of her layoff does not render it "beyond doubt that the plaintiff cannot prove any facts that would support [her] claim for relief." *Hayes*, 670 F.3d at 813. Even assuming that Defendant's allegations are true – which the Court cannot do at this stage – they do not undermine Plaintiff's allegations that Defendant impermissibly laid her off because of her disability.

## IV. Conclusion

Defendant's motion for judgment on the pleadings [58] is denied. Plaintiff may proceed with her discrimination claims. Defendant's request that the Court stay proceedings pending its ruling on this motion, see [58] ¶ 8; [59] at 11, is denied as moot.

Dated: March 8, 2013

_____
Robert M. Dow, Jr.
United States District Judge